IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-71-FL-3
No. 4:16-CV-64-FL

| | | |
|---|---|---|
| ELISHA LEE MONTFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 180), as amended (DE 186), wherein he asserts a claim pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The government has responded to petitioner's motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Simmons and United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). (DE 188). For the reasons that follow, the court grants the motion.

**COURT'S DISCUSSION**

On January 12, 2011, petitioner pleaded guilty to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's three prior drug convictions under North Carolina law, the court sentenced petitioner as an "armed career criminal," under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e).[1]

---

[1] Petitioner was sentenced to 108 months. Petitioner's sentence was not in excess of the 120 month statutory maximum typical of § 922(g) offenses and, indeed, was less than the 15-year statutory minimum required by the ACCA. However, the court reached that sentence only upon consideration of the government's motion made pursuant to United States Sentencing Guideline Manual § 5K1.1 and in accordance with 18 U.S.C. § 3553(e). Prior to the government's motion, petitioner's advisory Guidelines range sentence was 180–210 months.

The government concedes that petitioner's prior drug convictions no longer qualify as "serious drug offenses" in light of Newbold. See 18 U.S.C. § 924(e)(2)(A). Accordingly, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. See id. § 924(e)(1).

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate, (DE 180), as supplemented. (DE 186). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 19th day of July, 2016.

LOUISE W. FLANAGAN
United States District Judge